# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Jonathan Andrew Perfetto

v. Civil No. 20-cv-526-SE-AJ

Paula Mattis, New Hampshire Department of Corrections Medical and Forensic Services Director; and Nursing Supervisor Ann-Marie LNU[1]

## O R D E R

Plaintiff Jonathan Andrew Perfetto, a New Hampshire Department of Corrections ("NHDOC") prisoner presently incarcerated in the Montana Department of Corrections ("MDOC"), filed an Amended Complaint (Doc. Nos. 26, 30) in this case. The Amended Complaint is before the undersigned judge for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

## Preliminary Review Standard

The court conducts preliminary review of prisoner complaints under 28 U.S.C. § 1915A(a) and LR 4.3(d)(1) to determine, among other things, whether the complaint states a claim upon which relief might be granted. In conducting its preliminary review, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To determine whether to dismiss claims for failure to state a claim, the court takes as true the factual content in the complaint and inferences reasonably drawn from those facts, strips away legal conclusions, and then considers

[1] LNU stands for "last name unknown."

whether the plaintiff has stated a claim upon which relief might be granted. See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The court may dismiss claims asserted in a prisoner's complaint if the court lacks jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b).

## Background

Mr. Perfetto, while he was incarcerated at the New Hampshire State Prison in 2015, attended a medical sick call to request a hearing test because he was not hearing well out of his left ear. At sick call, he was told that he would be placed on a waiting list to see the prison physician who would determine whether to refer him to an audiologist. Approximately one month later, during a meeting of Mr. Perfetto's Treatment Team, Mr. Perfetto again requested a hearing test because he was unable to "hear that well" in his left ear. Doc. No. 26, at 2. Nursing Supervisor Ann-Marie (whose last name is unknown), who was at the Treatment Team meeting, told Mr. Perfetto that he did not qualify for a hearing test.

Mr. Perfetto then filed a grievance with NHDOC Medical and Forensics Director Paula Mattis requesting a hearing test in 2016 or 2017. Director Mattis stated that he should follow through with an appointment that was being set up for him. Mr. Perfetto states that he never saw an audiologist while he was incarcerated in New Hampshire. Mr. Perfetto was transferred to the MDOC in 2018. In 2023, a hearing test at the MDOC revealed that Mr. Perfetto had partial hearing loss in his left ear.

**Discussion**

Seeking damages, Mr. Perfetto alleges that Nurse Ann-Marie and Director Mattis violated his Eighth Amendment right to adequate medical care during his incarceration by denying him a hearing test. "Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs." Lech v. von Goeler, 92 F.4th 56, 74 (1st Cir. 2024) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). An Eighth Amendment claim alleging inadequate medical care has an objective prong and a subjective prong. See Czekalski v. Wrenn, No. 22-1328, 2025 WL 1190461, at *1 (1st Cir. Apr. 22, 2025), cert. denied, No. 25-7236, 2026 WL 1780205, at *1 (U.S. June 22, 2026).

To satisfy the objective prong of an Eighth Amendment claim asserting inadequate medical care, a plaintiff must assert facts to demonstrate that he has a serious medical need for which he has received inadequate treatment. See Kosillek v. Spencer, 774 F.3d 63, 85 (1st Cir. 2014) (en banc). To establish a serious medical need, the plaintiff must assert facts to show "'that []he has a medical need that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Czekalski, 2025 WL 1190461, at *1 (citation omitted). Crediting Mr. Perfetto's allegations as true, for purposes of preliminary review, the court finds that he has alleged the minimum facts necessary to support his contention that his difficulty hearing constituted a serious medical need. See Gilmore v. Hodges, 738 F.3d 266, 276 (11th Cir. 2013) ("substantial hearing loss that can be remedied by a hearing aid can present an objectively serious

medical need"); see also Gross v. Landry, No. 1:17-CV-00297-JAW, 2017 U.S. Dist. LEXIS 190339, at *6-7, 2017 WL 5509995, at *3, (D. Me. Nov. 17, 2017) (finding that an inmate with hearing issues had pled a serious medical need), R&R adopted, 2017 U.S. Dist. LEXIS 207126, 2017 WL 6454235 (D. Me. Dec. 18, 2017).

"'The subjective component [of an Eighth Amendment claim] requires the plaintiff to show that prison officials, in treating the plaintiff's medical needs, possessed a sufficiently culpable state of mind. That state of mind is one that amounts to deliberate indifference to the claimant's health or safety.'" Czekalski, 2025 WL 1190461, at *1 (citation omitted). "Prison officials are deliberately indifferent when they know[ ] of and disregard[ ] an excessive risk to inmate health or safety," by "either deny[ing] needed medical treatment in order to punish the inmate, or display[ing] wanton or criminal recklessness in the treatment afforded." Lech, 92 F.4th at 75 (internal quotation and citations omitted). "'[D]eliberate indifference entails something more than mere negligence,' but is 'satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Leite v. Bergeron, 911 F.3d 47, 53 (1st Cir. 2018) (citation omitted).

Mr. Perfetto has failed to assert facts to demonstrate that either Nurse Ann-Marie or Director Mattis acted with deliberate indifference to his serious medical need. As to Nurse Ann-Marie, Mr. Perfetto states that she told him he did not qualify for a hearing test. Nothing in the Amended Complaint, however, indicates that this statement (even if true) constituted more than "'mere negligence'" based on a misunderstanding of Mr. Perfetto's medical condition. Leite, 911 F.3d at 53 (citation omitted). Mr. Perfetto's assertion that he told Nurse Ann-Marie that he could not "hear that well" out of one ear,

Doc. No. 26, at 2, without more, is insufficient to demonstrate that she understood that Mr. Perfetto had a serious medical condition and, despite that understanding, refused to treat him.

Mr. Perfetto states that Director Mattis was responsible for his not seeing an audiologist in New Hampshire. As explained above with respect to Nurse Ann-Marie, Mr. Perfetto's statement, sent to Director Mattis in a grievance, that "he has problems hearing out of his left ear," without more, is insufficient to demonstrate that Director Mattis was aware that Mr. Perfetto had a serious medical need requiring treatment. Further, Mr. Perfetto's factual assertions show that Director Mattis was not indifferent to his hearing issues or that she failed to provide him with treatment. Mr. Perfetto states, instead that Director Mattis responded to Mr. Perfetto's request for a hearing test by granting his grievance and stating: "Please follow through with the appointment being set up for you." Doc. No. 26, at 2. That statement indicates that Director Mattis believed that Mr. Perfetto was being scheduled for an appointment to address his concerns about his hearing difficulties. Nothing in the Complaint supports Mr. Perfetto's assertion that Director Mattis had any role in denying him care for his hearing difficulties.

Mr. Perfetto has failed to demonstrate that either Nurse Ann-Marie or Director Mattis acted with deliberate indifference to his serious medical needs with regard to his hearing difficulties. Therefore, Mr. Perfetto fails to state an Eighth Amendment claim for inadequate medical care upon which relief might be granted, and the district judge should dismiss his Complaint on that basis.

## Conclusion

For the foregoing reasons, the district judge should dismiss Mr. Perfetto's Amended Complaint (Doc. Nos. 26, 30) and dismiss this action in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

Andrea K. Johnstone
United States Magistrate Judge

September 28, 2026

cc: Jonathan Andrew Perfetto, pro se